UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4462

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM DAVID WRIGHT,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. H. Brent McKnight, District Judge. (CR-02-219)

Submitted: March 8, 2006                Decided: March 20, 2006

Before WILLIAMS, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott H. Gsell, LAW OFFICE OF SCOTT GSELL, Charlotte, North Carolina, for Appellant. Robert John Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William David Wright appeals his convictions and 180-month sentence[*] imposed after he pled guilty to using, carrying, or possessing a firearm during and in relation to his possession with intent to distribute marijuana (Count 2), in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2005), and possessing a firearm having previously been convicted of certain enumerated felonies under North Carolina law (Count 3), in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e) (West 2000 & Supp. 2005). Wright's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court properly sentenced Wright as an armed career criminal but stating that, in counsel's view, there are no meritorious issues for appeal. Wright filed pro se supplemental briefs raising a similar issue. Wright also challenges the validity of his guilty plea, contends that he could not be convicted of a § 924(c) offense when he did not plead guilty to the underlying controlled substance offense, and asserts that, in light of United States v. Booker, 543 U.S. 220 (2005), his sentence violates the Sixth Amendment. We affirm.

Counsel questions whether the district court properly sentenced Wright as an armed career criminal. Because Wright did

---

[*]The district court granted the Government's motion for downward departure based upon Wright's substantial assistance.

- 2 -

not raise this issue in the district court, we review for plain error. United States v. Hughes, 401 F.3d 540, 547-48, 555 (4th Cir. 2005) (discussing standard of review). Our review of the record convinces us that the district court did not plainly err in concluding that Wright qualified as an armed career criminal and that his sentence does not violate the Sixth Amendment. See United States v. Thompson, 421 F.3d 278, 282, 283-86 (4th Cir. 2005) (stating that this court cannot be "willfully blind" to information pertaining to prior conviction, such as "date [of the conviction], statutory violation, and the like" and holding that nature and occasion of offenses are facts inherent in convictions and those facts need not be alleged in indictment or submitted to jury), cert. denied, __ U.S. __, 2006 WL 521274 (U.S. Mar. 6, 2006) (No. 05-7266); United States v. Cheek, 415 F.3d 349, 354 (4th Cir.) (holding that application of armed career criminal enhancement falls within exception for prior convictions when there is no dispute as to fact or characterization of those convictions), cert. denied, 126 S. Ct. 640 (2005).

With regard to the claims raised in Wright's pro se supplemental briefs, we find those claims to be without merit. In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Wright's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the

Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED